UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULLAH LAND,

    Petitioner,

v.

CASE NO. 14-CV-11683

HON. MARK A. GOLDSMITH

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION & BACKGROUND**

Abdullah Land ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction and sentence for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. For the reasons stated below, the petition for writ of habeas corpus is summarily denied.

Petitioner was convicted of the above-referenced offense following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); see also Wagner v. Smith, 581 F. 3d 410, 413 (6th Cir. 2009) (referring, verbatim, to the relevant facts relied upon by the Michigan Court of Appeals and presuming the facts to be correct). According to the Michigan Court of Appeals,

> [d]efendant was convicted by a jury of one count of first-degree criminal sexual conduct (CSC–I), MCL 750.520b, for an act of cunnilingus

involving the daughter of his girlfriend. The victim was eleven years old at the time. Defendant, the victim, defendant's girlfriend, and two of defendant's girlfriend's sons all lived in the same house. The victim also asserted that defendant had touched her inappropriately on several occasions, but defendant was only charged for the act of cunnilingus. The trial court sentenced defendant to the statutory minimum of 25 years' imprisonment to a maximum of 38 years' imprisonment, with credit for 48 days served. Defendant appeals his conviction and his sentence. We affirm.

People v. Land, No. 306597, 2013 WL 163618, at *1 (Mich. Ct. App. Jan. 15, 2013).

Petitioner's conviction was affirmed on appeal. People v. Land, 832 N.W.2d 240 (Mich. 2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I.  The trial court abused its discretion in denying appellant's motion for acquittal/new trial. The verdict was against the great weight of the evidence.
>
> II.  The statutorily required 25 year punishment violates both Article 1, Section 16 of the Michigan Constitution and the Eighth Amendment of the United States Constitution.

Pet. at 2 (Dkt. 1).

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). With respect to the "unreasonable application" standard, a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal citation and quotation marks omitted). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

Additionally, federal courts are empowered to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition, if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. Carson v. Burke, 178 F. 3d 434, 436-437 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

3

After screening the petition, the Court concludes that, for the reasons stated below, Petitioner's claims do not entitle him to habeas relief and his petition must be summarily denied.

### III. DISCUSSION

**A. Petitioner's claim regarding the great weight of the evidence**

Petitioner first alleges that the verdict was against the great weight of the evidence and the trial court erred in declining to grant a new trial on that basis. Although acknowledging that the victim's testimony was sufficient to establish the elements of the crime of first-degree criminal sexual conduct, Petitioner nonetheless argues that the verdict went against the great weight of the evidence because the victim's testimony was incredible in light of the other evidence presented in this case, as well as the fact that there was evidence which suggested that the victim had a motive to falsely accuse Petitioner of sexually assaulting her. Pet. at 6, Pet. Br. at 15-21 (Dkt. 1-1).[1]

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. Cukaj v. Warren, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); see also McKinnon v. Superintendent, 422 F. App'x 69, 75 (2d Cir. 2011) (holding that an "argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus"); Artis v. Collins, 14 F. App'x 387, 387-388 (6th Cir. 2001) (declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence). A claim that a verdict went against the great weight of the evidence does not have a constitutional dimension — for habeas corpus purposes — unless the record is so devoid of evidentiary support that a due process issue is raised. Cukaj, 305 F. Supp. 2d at 796. The test for habeas relief is not

---

[1] In his habeas petition, Petitioner incorporates by reference the arguments raised in his brief to the Michigan Court of Appeals. Pet. at 6.

4

whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. Dell v. Straub, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). As long as there is sufficient evidence to convict Petitioner of this crime, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. Id.

Therefore, Petitioner's contention concerning the weight of the evidence fails to state a cognizable federal claim. Walker v. Curtin, No. 1:10–cv–1267; 2011 WL 285152, at *3 (W.D. Mich. Jan. 5, 2011) ("[T]he Supreme Court has never recognized a prisoner's constitutional right to a new trial because the verdict was against the great weight of the evidence.").[2]

Accordingly, Petitioner is not entitled to habeas relief on his first claim.

**B.  Petitioner's claim regarding his sentence**

Petitioner next argues that the mandatory minimum sentence of 25 years is grossly disproportionate to the severity of his crime and violates both the Michigan and Federal constitutions' prohibitions against cruel and unusual punishment. Pet. at 7; Pet. Br. at 22-31.

This Court initially notes that Petitioner's sentence was within the statutory limits under Michigan law for the offense of first-degree criminal sexual conduct. See Mich. Comp. Laws § 750.520b(2)(b). State courts are the final arbiters of state law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Vliet

---

[2] Moreover, attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. Martin v. Mitchell, 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. Schlup v. Delo, 513 U.S. 298, 330 (1995); see also Tyler v. Mitchell, 416 F. 3d 500, 505 (6th Cir. 2005) (stating that arguments resting on an allegation involving witness credibility are the province of the jury and not a federal habeas court).

v. Renico, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).  Thus, a sentence imposed within the statutory limits is not generally subject to habeas review.  Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner fails to state a claim for federal habeas relief.  The United States Constitution does not require that sentences be proportionate.  In Harmelin v. Michigan, 501 U.S. 957 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and the sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime.  Id. at 1001.  And a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment.  Austin v. Jackson, 213 F. 3d 298, 302 (6th Cir. 2000).  Moreover, federal courts generally do not engage in a proportionality analysis, except where the sentence imposed is death or life imprisonment without parole.  United States v. Thomas, 49 F.3d 253, 261 (6th Cir. 1995).  Therefore, successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare."  Rummel v. Estelle, 445 U.S. 263, 272 (1980).

Petitioner's minimum sentence of twenty five years for first-degree criminal sexual conduct was not disproportionate to the offense or to the offender.  See, e.g., Stadler v. Curtin, 682 F. Supp. 2d 807, 829-830 (E.D. Mich. 2010) ("The Michigan courts' determination that a sentence of twenty-five to forty years for first degree criminal sexual conduct was not disproportionate is not an unreasonable application of this Supreme Court precedent.").  The fact that Michigan's criminal sexual conduct statutes calls for a mandatory minimum sentence of 25 years and no longer gives any discretion to the sentencing judge does not alter the Court's analysis of Petitioner's claim.  Indeed, "Harmelin squarely establishes that the mandatory nature of a non-capital penalty is irrelevant for proportionality purposes."  United States v. Farley, 607 F.3d 1294, 1343 (11th Cir. 2010).  As Harmelin upheld a mandatory nonparolable life sentence

6

for the offense of possession of over 650 grams of cocaine, it "precludes the conclusion that [Petitioner's] much shorter mandatory minimum sentence" was "cruel and unusual." United States v. Blewett, 746 F.3d 647, 660 (6th Cir. 2013).

Accordingly, Petitioner is not entitled to habeas relief on his second claim.

### IV. CONCLUSION

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337.

Having considered the matter, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis ("IFP") is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial

7

showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith.  Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  Foster, 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of Petitioner's claim, the issue is not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed IFP on appeal.

Accordingly, the Court (i) summarily denies the petition for writ of habeas corpus, (ii) denies issuing a certificate of appealability, and (iii) grants Petitioner leave to appeal IFP.

SO ORDERED.

Dated:  June 19, 2014  s/Mark A. Goldsmith
    Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

8